IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBYN SCHUTTE,

                            Plaintiff,

    v.                                                                                OPINION and ORDER

FRANK BISIGNANO,                                                   23-cv-284-jdp
   Commissioner of the Social Security Administration,

                           Defendant.[1]

---

      Plaintiff Robyn Schutte seeks judicial review of a final decision of defendant Frank Bisignano, Commissioner of the Social Security Administration, finding that Schutte was not disabled within the meaning of the Social Security Act. Schutte contends that administrative law judge (ALJ) Robert J. Tjapkes erred by failing to include greater restrictions for Schutte's ability to adapt to workplace changes and her ability to use her right arm and hand. Schutte has not identified any legal errors, and the ALJ's decision is supported by substantial evidence, so the court will affirm the decision.

BACKGROUND

      Schutte applied for disability benefits, alleging disability beginning in June 2015. R. 998.[2] The commissioner has denied her claim twice. In a September 2020 decision, the ALJ found that Schutte was not disabled because she could perform her past job as a unit clerk. R. 24. On appeal before this court, Schutte contended that the ALJ erred by: (1) failing to

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 4.

adequately explain why he favored the opinion of psychologist Jason Kocina over psychologist Becca Greub; (2) failing to consider third–party reports; and (3) failing to explain why he did not impose restrictions for reaching, handling, or fingering. *Schutte v. Kijakazi*, No. 21-cv-322-jdp (W.D. Wis.), Dkt. 17. The parties stipulated to a remand before the commissioner filed an opposition brief, but they did not identify the reason for the remand. *Id.* at Dkt. 18.

After holding another hearing, the same ALJ again denied Schutte's disability claim in an August 2022 decision, which is the decision at issue here. The ALJ found that Schutte suffered from the following severe impairments: migraines, right ear hearing loss, Meniere's disease (a disorder of the inner ear that affects balance), "history of stroke," diabetes, obesity, depression, and anxiety. R. 1001. Based on these impairments, the ALJ found that Schutte had the residual functional capacity (RFC) to perform light work, with additional physical restrictions that are not relevant to this appeal. R. 1004. The ALJ also found the following mental restrictions:

- no production-rate work, such as on an assembly line;
- no more than occasional changes in the workplace setting;
- only simply instructions and tasks;
- no more than occasional interaction with coworkers and supervisors;
- no interaction with the public.

*Id.* Relying on the testimony of a vocational expert, the ALJ found that Schutte could not perform any of her past relevant work, but she was not disabled because she could perform jobs that exist in significant numbers in the national economy, such as cleaner, administrative support clerk, and sorter. R. 1010–11.

2

Schutte now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Schutte's arguments can be grouped into two categories: (1) errors in handling the medical opinions on mental health limitations; and (2) the failure to include a restriction for Schutte's right arm and hand. For the reasons below, the court concludes that both sets of arguments fail.

**A. Medical opinions on mental health restrictions**

Three psychologists offered opinions about Schutte's mental limitations. Jason Kocina and Larry Kravitz were state-agency consultants who conducted a record review; Becca Greub conducted a psychological evaluation of Schutte. Schutte challenges the ALJ's consideration of both the consultants and the examining psychologist, but Schutte's arguments are limited to the psychologists' opinions on her adaptation abilities.

The opinions of the two consultants were virtually identical. They found that Schutte was moderately limited in her ability to respond appropriately to changes in the work setting. R. 79, 100. In the narrative portion of their opinion, the consultants wrote the following:

> Clmt is able to complete [activities of daily living], [household] chores and take care of her autistic child, however, she does report

3

> having difficulty w/ change when dealing with stress. Clmt also reports having anticipatory anxiety. Clmt would do best in a job that does not require changing task[s] from day to day.

*Id.* The ALJ found this portion of the opinions to be persuasive and supported by the evidence. R. 1008.

In her "statement of work capacity" for Schutte, Greub wrote that Schutte "is expected to have difficulty adapting to change or withstanding work stressors. She is considered of marked limitation in this area." R. 560. In response to this opinion, the ALJ wrote:

> Dr. Greub's opinion indicating the claimant has marked limitations in adapting to change or withstanding work stressors is conclusory without clear functional limitations. Additionally, these statements are not consistent with the claimant's lack of specialized treatment for these conditions or with the claimant's daily activities, in which the claimant is able to care for her minor son, drive a car, shop in stores, and manage her finances.

R. 1009.

Ultimately, the ALJ found that Schutte could perform jobs that require no more than occasional changes in the workplace setting. R. 1004. Schutte contends that the ALJ did not adequately justify this finding, for two reasons. First, Schutte says that a job with "occasional" changes in the workplace is less restrictive than a job that "does not require changing task[s] from day to day," and the ALJ failed to explain why he was adopting a less restrictive RFC, despite finding the consultants' opinions persuasive on this issue. Second, Schutte says that the ALJ was wrong to criticize Greub's opinion, and an RFC that allows occasional changes in the workplace is inconsistent with Greub's opinion that Schutte suffered from a "marked" limitation in adaptation.

The RFC must include all of a claimant's limitations that are supported by the evidence. *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). But the ALJ is not required to use the

4

same words as the medical experts, especially when those words are open to interpretation. *See Leisgang v. Kijakazi*, 72 F.4th 216, 221 (7th Cir. 2023) (ALJ not required to adopt the "precise wording" of physician's "vague" statements). In this case, the RFC assessment reasonably reflects the limitations found by the experts.

As for the state-agency experts' opinion that Schutte "would do best in a job that does not require changing task[s] from day to day," Schutte contends that the ALJ "greatly reduced" the limitations in the expert opinions by restricting Schutte to jobs that that require no more than "occasional" changes in the workplace. Dkt. 7, at 35. But Schutte does not explain the basis for *why* the RFC assessment is inconsistent with the consultants' opinion. In the context of Social Security disability determinations, "occasionally" means "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996). That is a reasonable translation of the consultants' opinion. To begin with, the consultants did not explain what they meant by "would do best in" or "changing tasks from day to day." Schutte seems to interpret this to mean that she cannot tolerate *any* workplace changes, but that is not what the consultants said, and such an interpretation would be inconsistent with the consultants' opinion that Schutte was only *moderately* limited in her ability to adapt. "A 'moderate limitation' is defined by regulation to mean that functioning in that area is 'fair.'" *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). In fact, a "moderate" limitation may not require *any* restrictions in the RFC. *See Apke v. Saul*, 817 F. App'x 252, 258 (7th Cir. 2020); *Capman v. Colvin*, 617 F. Appx 575, 579 (7th Cir. 2015). This suggests that Schutte retained the ability to adapt to occasional workplace changes.

As for Greub's opinion that Schutte had marked limitations in adapting, Schutte contends that the ALJ was wrong to find that the opinion was vague. Specifically, she says that the meaning of "marked" is well established in the Social Security context, and she cites regulations and agency guidance that describe a "marked limitation" as one that "seriously" interferes with functional abilities. Dkt. 7, at 25, 31–32 (quoting 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00F(2); POMS DI 25225.020(B)(1)).

Schutte does not explain how the authority she cites shows that the ALJ was wrong. Neither the regulation nor the guidance state that a marked limitation is necessarily inconsistent with a restriction to occasionally performing an activity. Regardless, the ALJ's criticism of Greub's opinion was not just that it was vague; it was also conclusory and unsupported by the medical record. That criticism is supported by substantial evidence. Greub did not provide any basis for her opinion that Schutte suffered from marked limitations in adapting to change and handling stress. Schutte also cites no evidence in the medical record that she is unable to tolerate occasional changes in the workplace. She does not dispute the ALJ's observation that she did not seek treatment for psychological conditions that limit her ability to adapt. These are reasonable bases for declining to impose greater restrictions. *See Vang v. Saul,* 805 F. App'x 398, 401 (7th Cir. 2020); *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021). Schutte does not even attempt to rebut these other reasons for the ALJ's decision regarding Schutte's ability to adapt, so Schutte has forfeited that issue.

B.  **Right arm and hand limitations**

The ALJ did not include any restrictions for reaching, handling, or fingering in the RFC assessment. Schutte says that was wrong for two reasons. First, Schutte "successfully raised this issue" before this court during the first appeal, and the "Office of General Counsel stipulated

6

to our argument." Dkt. 7, at 38. Second, Schutte says that the ALJ failed to address evidence that supported reaching, handling, and fingering limitations caused by Schutte's stroke. Neither argument is persuasive.

Schutte's first argument is factually incorrect. It is true that Schutte's opening brief on the first appeal included an argument about the ALJ's failure to include reaching, handling, or fingering restrictions. It is also true that the commissioner stipulated to a remand before submitting a brief during the first appeal. But the parties' stipulation did not identify the reason or reasons for the stipulation. R. 1091–92. Schutte included multiple arguments in her brief, so the court cannot infer that the commissioner conceded error on the issue whether the ALJ should have included restrictions for reaching, handling, or fingering. In any event, Schutte cites no authority for the proposition that a stipulation to remand bars the commissioner from making specific arguments on a subsequent appeal.

As for Schutte's argument that the ALJ disregarded evidence, Schutte does not identify any favorable evidence that the ALJ was required to consider. Schutte cites several medical records in which she complained about difficulties with her right hand, including weakness and difficulty writing. R. 761, 775, 785, 804, 861, 886, 888. But all of those records are from October and November 2018, immediately after Schutte's stroke. An impairment cannot serve as the basis for Social Security benefits unless it lasts at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Stepp v. Colvin*, 795 F.3d 711, 719 (7th Cir. 2015). The records Schutte cites do not show an impairment lasting that long. The most recent cited record is from April 2019, and it states only that Schutte experiences a "tingling sensation and occasional numbness in

her upper arm." R. 1493.³ The ALJ acknowledged that Schutte still has some numbness and tingling. R. 1105. Regardless, the cited record does not support any functional limitations. In fact, it states that Schutte's "strength has fully recovered." R. 1493.

Schutte also cites her own testimony during the two administrative hearings, but most of that testimony is vague and unhelpful. For example, during the first hearing, she said that she did "not have very much strength" in her hands or arms, R. 49; during the second hearing, she said that she does not "have a lot of feeling" in her fingers, R. 1041. Schutte does not explain how the ALJ would translate that testimony into a functional limitation.

The most specific testimony Schutte provided was that she dropped things if she did not use both hands to pick them up. R. 1041. When asked by counsel to be more specific regarding what type of objects she was referring to, Schutte said that she had "drop[ped] like [a] glass of water before." *Id.* Even this testimony provides little insight into Schutte's grip strength because it seems to refer to only one incident. In contrast, her medical records note good grip strength, except that her right hand was "slightly weaker" than her left hand after her stroke. R. 698, 761, 1457, 1593.

Schutte cannot support a disability claim solely on the basis of her own statements. *See Jones v. Dudek*, 134 F.4th 991, 992 (7th Cir. 2025); *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). Along the same lines, "[t]here is no error when there is no doctor's opinion contained in the record that indicated greater limitations than those found by the ALJ." *Best v. Berryhill*, 730 Fed. Appx. 380, 382 (7th Cir. 2018). In this case, Schutte does not cite a doctor's

---

³ Schutte cites to page 993 of the administrative record, Dkt. 7, at 41, but the only text on that page is Schutte's address. The language Schutte quotes is on page 1493.

opinion or any other objective evidence that she requires a restriction for her right arm or hand. Under these circumstances, the ALJ did not err by failing to include such a restriction.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment and close the case.

Entered July 22, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____

                                      JAMES D. PETERSON
                                      District Judge